UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

    Matthew L. Braun

          Debtor(s)                    Chapter 7
                                                 Case No. 13-60220
                                                 Hon. Walter Shapero

_____/

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR ELIMINATION OF THE FOURTEEN (14) DAY STAY OF ORDER OF F.R.Bankr.P. 4001(a)(3)

**NOW COMES** TD Auto Finance LLC, f/k/a Chrysler Financial Services Americas LLC d/b/a Chrysler Financial, f/k/a DaimlerChrysler Financial Services Americas LLC d/b/a Chrysler Financial ("Creditor"), by and through its attorneys, McKelvie DeLuca, P.C., and states the following as its Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R. Bankr.P. 4001(a)(3):

1. On October 10, 2007, the Debtor(s) executed a Retail Installment Contract for the purchase of a 2007 Dodge Ram ("Vehicle"). The Debtor(s) agreed to remit 72 consecutive monthly payments in the amount of $488.60.

2. The Debtor(s) filed **Chapter 7** bankruptcy on November 4, 2013.

3. Creditor holds a perfected security interest in said Vehicle. (See attached Retail Installment Contract and related documents.)

4. To the best of Creditor's knowledge and belief, Braun Brothers and Matthew Drew Braun are non-bankrupt co-debtors on the contract.

5. The net amount currently due and owing to Creditor is $5,763.07.

6. The approximate market value of said Vehicle is currently $21,350.00.

7. The Debtor(s) account is due for the August 10, 2013 payment, for a current default of $1,954.40.

8. The Retail Installment Contract requires that the Debtor(s) maintain automobile insurance against the risk of loss, damage, theft or destruction to the Vehicle.

9. Continuation of the automatic stay will work real and irreparable harm to Creditor and will deprive it of the adequate protection and assurance to which it is entitled pursuant to 11 U.S.C. §§ 361(1) and (3) and 362(d)(1), and for the following reasons, among others, Creditor asserts that cause exists to lift the automatic stay:

   a. Debtor(s) may be without the funds necessary to preserve and maintain the Vehicle in good working condition.
   b. The Debtor(s) account is in material default under the terms of the Contract.
   c. Creditor has not been provided with proof of the most current automobile insurance coverage.

10. Further, Debtor(s) Statement of Intent indicates that the Vehicle will be surrendered.

11. F.R.Bankr.P. 4001 (a)(3) allows the Court to eliminate the stay of an Order Granting Relief until the expiration of fourteen (14) days after entry of the Order.

12. Creditor asserts that based upon the above representations, cause exists to eliminate the fourteen (14) day stay of Order of F.R.Bankr.P. 4001 (a)(3) as further delay in enforcing its state rights will be prejudicial to Creditor.

13. Pursuant to L.B.R. 9014-1(g) (E.D.Mich. 2008), Creditor contacted the Chapter 7 Trustee on November 6, 2013 to obtain concurrence to the relief requested and concurrence was denied.

14. In accordance with L.B.R. 9014-1(b)(1) (E.D.Mich. 2008), a copy of Creditor's proposed Order Granting Relief from the Automatic Stay is attached (See Exhibit "1").

**WHEREFORE**, Creditor respectfully requests this Honorable Court grant its Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R.Bankr.P. 4001 (a)(3) and enter the Order Granting Relief from the Automatic Stay and whatever other relief the Court deems just and equitable.

Respectfully submitted,

McKELVIE DeLUCA, P.C.

By: /s/ Charles L. McKelvie
Charles L. McKelvie (P27782)
Rita A. McKelvie (P46023)
Attorneys for Creditor
280 West Maple Road, Suite 300
Birmingham, Michigan 48009
(248) 952-5100
bkattys@mckelviedeluca.com

Date: November 8, 2013

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

    Matthew L. Braun

        Debtor(s)

                                                        Chapter 7
                                                        Case No. 13-60220
                                                        Hon. Walter Shapero

_____/

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY AS TO TD AUTO FINANCE LLC, F/K/A CHRYSLER FINANCIAL SERVICES AMERICAS LLC D/B/A CHRYSLER FINANCIAL, F/K/A DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC D/B/A CHRYSLER FINANCIAL AND THE 2007 DODGE RAM

      This matter having come before this Court on the motion of TD Auto Finance LLC, f/k/a Chrysler Financial Services Americas LLC d/b/a Chrysler Financial, f/k/a DaimlerChrysler Financial Services Americas LLC d/b/a Chrysler Financial ("Creditor"), for relief from the automatic stay; all parties in interest having been served with a copy of Creditor's motion, brief in support, notice of motion, and proposed order; Creditor having filed a certificate of no response to the requested relief; and the Court otherwise being fully advised in the premises.

      **IT IS HEREBY ORDERED** that the automatic stay is hereby lifted as to Creditor and the 2007 Dodge Ram VIN # 3D2WG46D67G740774 ("Vehicle"). Creditor is permitted to take possession and dispose of the vehicle in accordance with the terms of its note(s) and security agreement(s) and in accordance with federal and state law. F.R.Bankr.P. 4001(a)(3) is hereby waived.

                                                                                                  **EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

    Matthew L. Braun

        Debtor(s)

        Chapter 7
        Case No. 13-60220
        Hon. Walter Shapero

_____/

**NOTICE TO RESPONDENT OF TD AUTO FINANCE LLC, F/K/A CHRYSLER FINANCIAL SERVICES AMERICAS LLC D/B/A CHRYSLER FINANCIAL, F/K/A DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC D/B/A CHRYSLER FINANCIAL'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ELIMINATION OF THE FOURTEEN (14) DAY STAY OF ORDER OF F.R. Bankr.P. 4001 (a)(3)**

    **PLEASE TAKE NOTICE** that TD Auto Finance LLC, f/k/a Chrysler Financial Services Americas LLC d/b/a Chrysler Financial, f/k/a DaimlerChrysler Financial Services Americas LLC d/b/a Chrysler Financial ("Creditor") has filed a Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R.Bankr.P. 4001(a)(3) in the above-captioned case.

    **Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to enter an Order Granting Relief from the Automatic Stay, or if you want the court to consider your views on the Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R. Bankr.P. 4001(a)(3), then within fourteen (14) days after service of the Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R. Bankr.P. 4001(a)(3) you or your attorney must file with the court a written request for a hearing or, if the court requires a written response that complies with F.R.Civ.P. 8(b), (c) and (e), explaining your position at:

        Clerk of the Court
        U. S. Bankruptcy Court
        211 West Fort Street, Suite 2100
        Detroit, Michigan 48226

    You must also mail a copy of the written request for a hearing or answer to:

| | |
|---|---|
| Office of the U. S. Trustee | Charles L. McKelvie |
| 211 West Fort Street #700 | Attorney for Creditor |
| Detroit, Michigan 48226 | 280 West Maple Road, Suite 300 |
| | Birmingham, Michigan 48009 |

Joseph McKoan, IV
5350 Pte. Tremble Road
Algonac, MI 48001

Basil Simon, Trustee
422 W. Congress St., Suite 400
Detroit, Michigan 48226

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

        Respectfully submitted,

        McKELVIE DeLUCA, P.C.

By:    /s/ Charles L. McKelvie
       Charles L. McKelvie (P27782)
       Rita A. McKelvie (P46023)
       Attorneys for Creditor
       280 West Maple Road, Suite 300
       Birmingham, Michigan 48009
       (248) 952-5100
       bkattys@mckelviedeluca.com

Date:    November 8, 2013

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

    Matthew L. Braun

        Debtor(s)

                                              /

Chapter 7
Case No. 13-60220
Hon. Walter Shapero

**CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                            ) ss.
COUNTY OF OAKLAND  )

    Charles L. McKelvie, being first duly sworn, deposes and says that on November 8, 2013, a copy of:

1. Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R.Bankr.P. 4001 (a)(3);
2. Notice to Respondent of Motion for Relief from the Automatic Stay and Request for Elimination of the Fourteen (14) Day Stay of Order of F.R.Bankr.P. 4001 (a)(3); and
3. Certificate of Service

was served upon:

| | |
|---|---|
| Matthew L. Braun<br>Matthew D. Braun<br>Braun Brothers<br>10413 Dixie Highway<br>Fair Haven, MI 48023 | Joseph McKoan, IV<br>5350 Pte. Tremble Road<br>Algonac, MI 48001 |
| Basil Simon, Trustee<br>422 W. Congress St., Suite 400<br>Detroit, Michigan 48226 | Office of the U. S. Trustee<br>211 West Fort Street #700<br>Detroit, Michigan 48226 |

either electronically or by enclosing same in a sealed, addressed envelope with first class postage affixed thereto and depositing said envelope in the United States Government mail.

Further Deponent sayeth not.

/s/ Charles L. McKelvie
Charles L. McKelvie (P27782)
Rita A. McKelvie (P46023)
Attorneys for Creditor
McKelvie DeLuca, P.C.
280 W. Maple Road, Suite 300
Birmingham, Michigan  48009
(248) 952-5100
bkattys@mckelviedeluca.com

**EXHIBIT 3**

RECD OCT 29 2007

**Chrysler Financial**

**MICHIGAN**
Retail Installment Contract - Simple Interest

DEAL# 37910

### Parties

Contract Date: 10/10/2007

Account Number: _____

**Creditor/Seller**
Name: DICK HUVAERE RICHMOND CHRYSLER DODG
Address: 67567 SOUTH MAIN
RICHMOND, MI 48062

**Buyer (and Co-Buyer)**
Name: BRAUN BROTHERS
Name: MATTHEW L BRAUN   MATTHEW D BRAUN
Billing Address: 10413 DIXIE HWY OFC
IRA, SAINT CLAIR, MI 48023-1767
(Include County)

Unless otherwise specified, "you" and "your" refer to the Buyer (and Co-Buyer), and "we" and "us" refer to the Creditor/Seller, listed above in section labeled Parties. The vehicle described below, in the section labeled Vehicle and Trade-in Information, is referred to as "vehicle." After being quoted both a cash ("Cash Price", below) and credit price ("Total Sale Price", below) for the vehicle, you have chosen to buy the vehicle on credit. You agree to the terms and conditions on the front and back of this contract. You also acknowledge delivery and acceptance of the vehicle.

### Type of Retail Installment Contract

[X] Standard    [ ] Balloon Payment
You understand that no matter which box is checked above, this contract is not a lease.

### Federal Truth-in-Lending Disclosures

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE E* The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments E* The amount you will have paid after you have made all payments as scheduled. | Total Sale Price E* The total cost of your purchase on credit, including your down payment of: $ 3900.00 |
|---|---|---|---|---|
| 14.74 % | $ 11916.94 | $ 23262.26 | $ 35179.20 | $ 39079.20 |

* E means Estimate

**Payment Schedule** - Your payment schedule will be:

| Number of Payments | Amount of Each Payment | When Payments Are Due [X] Monthly [ ] (Beginning Date of Payment) |
|---|---|---|
| 71 | 488.60 | 11/10/2007 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| + 1 Final Payment | Amount of Final Payment 488.60 | Due Date of Final Payment 10/10/2013 |

**Late Charge.** You must pay a late charge on each payment made more than 10 days late. The charge is 5% of the unpaid amount or $15, whichever is greater.

**Prepayment.** If you pay off early, you will not have to pay a penalty.

**Security Interest.** You are giving us a security interest in the vehicle being purchased.

**Additional Information.** See the other side of this contract for additional information about security interest, nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### Vehicle and Trade-in Information

**1. VEHICLE DESCRIPTION**
[X] New  [ ] Used   VIN: 3D2WG46D67G740774
2007  DODGE  RAM 3500
Year  Make  Model

**2. PRIMARY INTENDED USE**
[ ] Personal  [ ] Commercial  [ ] Agricultural  [ ] _____
If no box is checked, or if Personal box is checked, you agree to use the vehicle for personal, family, or household purposes.

**3. TRADE-IN DESCRIPTION**
N/A   N/A   N/A
Year   Make   Model

### Financing

**4. ITEMIZATION OF AMOUNT FINANCED**

a. Cash Price
  (i) Vehicle (including accessories, delivery, installation charges, if any) ...$ 24817.00
  (ii) Sales Tax ...$ 1501.26
  (iii) Service Contract (optional) ...$ N/A
  (iv) DOCUMENTATION  $ 180.00
  (v) Cash Price ...$ 26498.26

b. Downpayment
  (i) Cash Downpayment ...$ N/A
  (ii) Manufacturer's Rebate ...$ 3900.00
  (iii) Gross Allowance on Trade-in $ N/A
  (iv) Pay-off on Trade-in $ N/A
  (v) Net Allowance on Trade-in ...$ N/A
  (vi) Downpayment ...$ 3900.00
  If less than $0, disclose on Line c(i) and enter $0 for the Downpayment.

c. Unpaid Balance of Cash Price ...$ 22598.26
  (i) Unpaid Trade-in Lien Amount to be Financed ...$ N/A
  Paid to: N/A

d. Other Charges Including Amounts Paid to Others on Your Behalf*
  (i) Paid to Public Officials for:*
    (a) Other Taxes ...$ N/A
    (b) Filing Fees ...$ N/A
    (c) License Fees ...$ 30.00
    (d) Certificate of Title Fees ...$ 15.00
    (e) Registration Fees ...$ N/A
  (ii) Paid to: * N/A
    For: N/A  $ N/A
  (iii) Paid to: * N/A
    For: N/A  $ N/A
  (iv) Paid to: * OWNER GUARD
    For: GAP  $ 595.00
  (v) Paid to: * CVR
    For: FRT  $ 24.00
  (vi) Paid to: * N/A
    For: N/A  $ N/A
  (vii) Paid to Insurance Companies for:*
    (a) Optional Credit Life ...$ N/A
    (b) Optional Credit Accident & Health ...$ N/A
    (c) Optional N/A  $ N/A
    (d) Optional N/A  $ N/A
  (viii) Subtotal ...$ 664.00

e. Amount Financed ...$ 23262.26

*Seller may be retaining a portion of these amounts.

### Summary of Insurance and Other Coverages

**5. REQUIRED VEHICLE INSURANCE**
YOU ARE REQUIRED TO HAVE PHYSICAL DAMAGE INSURANCE. LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

### Summary of Insurance and Other Coverages (cont'd.)

**6. OPTIONAL CREDIT INSURANCE AND OTHER OPTIONAL INSURANCE OR COVERAGE.**
CREDIT LIFE, CREDIT DISABILITY, GUARANTEED AUTOMOTIVE PROTECTION COVERAGE AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

**Optional Insurance/Coverage**
Credit life and credit disability insurance end on the original due date of the last payment due under this contract.

[ ] Credit Life  $ N/A  Premium N/A
Insurer N/A  Insured(s) N/A
Buyer's Signature  Co-Buyer's Signature

[ ] Credit Disability  $ N/A  Premium N/A
Insurer N/A  Insured(s) N/A
Buyer's Signature  Co-Buyer's Signature

[X] Type  GAP INSURANCE
$ 595.00  Term 72
Premium/Cost  LYNDON  N/A
Insurer/Provider  Proada  Insured(s)/Beneficiary
Buyer's Signature  Co-Buyer's Signature

[ ] Type _____
$ N/A  N/A
Premium/Cost N/A  Term N/A
Insurer/Provider N/A  Insured(s)/Beneficiary N/A
Buyer's Signature  Co-Buyer's Signature

### Signatures

**WARNING: THE INSURANCE AFFORDED HEREUNDER DOES NOT COVER LIABILITY FOR INJURY TO PERSONS OR DAMAGE TO PROPERTY OF OTHERS UNLESS SO INDICATED HEREON.**

**NOTICE TO THE BUYER(S)**
DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO 1 TRUE COPY OF THE CONTRACT YOU SIGN WITHOUT CHARGE. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.
X _____ President  Matthew Braun
Buyer Signs Braun Brothers  Co-Buyer Signs

BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF THIS RETAIL INSTALLMENT CONTRACT, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE BACK OF THIS CONTRACT.
X _____ President  X Matthew Braun
Buyer Signs Braun Brothers  Co-Buyer Signs

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and retain its rights to receive a part of the Finance Charge.

**SELLER**
By signing below, the Seller accepts this contract and assigns it to DC FIN SVCS AMER LLC ("Assignee") subject to the terms and conditions of the Retail Installment Contract and Lease Program Agreement between Seller and DaimlerChrysler Financial Services Americas LLC. Seller further warrants and represents that Buyer is purchasing the vehicle for Buyer's or Co-Buyer's use.

DICK HUVAERE RICHMOND CHRYSLER DODGE JEEP
X _____
Seller Signs   By AGENT
Title

**INSURANCE VERIFICATION**
Seller (or Dealer) has verified that the insurance coverage described in Section 11
_____ MUTUAL  _____
N/A  N/A
Insurance agent  Phone number
N/A
Address

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.
THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS CONTRACT.

## Payments, Security Interest and Vehicle Treatment

**7. PAYMENT.** You agree to make all payments when they are due. Accepting a late payment or late charge does not change your payment due date. This is a simple interest contract. Your final payment may be larger or smaller, depending on whether you make payments late or early. Your payments will be applied first to the earned and unpaid part of the Finance Charge, then to the unpaid Amount Financed and then to any other amounts due. The Finance Charge is earned by applying the Annual Percentage Rate divided by 365 to the unpaid Amount Financed for the number of days outstanding. You may prepay your debt without penalty. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, seized, or missing.

**8. LATE CHARGES.** You will pay a late charge on payments, or parts of payments, which are received by us more than 10 days after the scheduled due date. The late charge is shown on the front of this contract. Our acceptance of any late payment or late charge does not change your payment due date or mean that you may keep making payments after they are due.

**9. SECURITY INTEREST.** You give us a security interest in the vehicle and any accessories, equipment, and replacement parts put on the vehicle, all insurance policies and service contracts financed in this contract, and any rebate, refunds, or proceeds that relate to those policies or contracts; proceeds of any insurance policies on the vehicle; and all money or goods received for the vehicle. This security interest secures payment of all amounts you owe in this contract. You agree to ensure that our security interest (lien) on the vehicle is shown on the title.

**10. VEHICLE TREATMENT.** You agree: to maintain the vehicle in good condition; not to misuse the vehicle; to keep the vehicle free from the claims of others; and not to break any laws or otherwise expose the vehicle to confiscation. You agree that without our written consent you will not: transfer your equity in the vehicle; sublease or rent the vehicle; or take the vehicle outside the United States for more than 30 days. You agree to notify us of any change of address where the vehicle is kept.

## Insurance

**11. REQUIRED PHYSICAL DAMAGE INSURANCE.** You agree to maintain physical damage insurance, acceptable to us that insures you and us against loss or damage to the vehicle, during the term of this contract. You may obtain coverage from any insurance company you choose. We must approve the type and amount of the insurance. You agree to give us written proof of such insurance coverage. Whether or not the vehicle is insured, you must pay for the vehicle if it is lost, damaged, seized, or destroyed. We may receive and sign your name on any settlement, draft, or check representing payment made by an insurance company for a loss related to the vehicle.

## Default

**12. DEFAULT.** You will be in default and we may terminate this contract early if: (a) you have given false or misleading information on your credit application; (b) you do not make a payment when it is due; (c) a lien or other claim is made against this contract or the vehicle; (d) a bankruptcy petition is filed by or against you; (e) the vehicle is seized by any local, state or federal government or authority; (f) you alter or fail to repair or maintain the vehicle as required; (g) you do not maintain the required insurance coverage; (h) you do not comply with any of the contract terms; and/or (i) you breach any promise, representation or warranty you have made in this contract.

You agree to be liable, to the extent allowed by law, for reasonable attorney fees and costs incurred by us as a result of your default. Regardless of any language to the contrary, you are only liable for reasonable attorney fees if we hire an attorney that is not one of our salaried employees.

If you default, we may:

Require you to pay the unpaid Amount Financed, the earned and unpaid part of the Finance Charge, and all other amounts due; sue you to collect the amount you owe; without the use of force or other breach of the peace, enter or have anyone we choose enter the premises where the vehicle may be and, lawfully repossess (take back) the vehicle, including equipment and accessories; take goods found in the vehicle and hold them for you for 30 days, and if you do not claim the goods during that period, we can dispose of them and have no liability to you; and cancel any Credit Life, Credit Disability, Guaranteed Automotive Protection Coverage, Extended Warranty, or other optional insurance/coverage financed under this contract and apply the refunded premium to your outstanding balance.

If we repossess the vehicle, and we are not precluded by law, we will send you a notice stating that you may redeem the vehicle and the amount needed to redeem. To redeem the vehicle, you must pay us the net amount owed under the contract plus all collection and legal costs, including reasonable attorney fees as provided above and court costs, to the extent permitted by applicable law. You may redeem the vehicle until we sell it. If you do not redeem the vehicle, we may sell it or otherwise dispose of the vehicle. The net proceeds (the money from the sale, less allowed expenses) will be subtracted from the amount you owe us. The allowed expenses are those expenses, fees, and all legal costs that we are entitled to by law as a result of any lawful activity to obtain possession of, recondition, store and dispose of the vehicle after default. If the amount from the sale of the vehicle is not enough to cover the amount you owe us, you will pay what is still owed plus interest. If, after we apply the net proceeds to what you owe, there is money left, we will pay it to you.

## Balloon Payment

**13. BALLOON PAYMENT CONTRACT.** The information in this section 13 applies only if this contract is a balloon payment contract, as indicated on the front of this contract by a check in the box next to "Balloon Payment" in the Type of Retail Installment Contract section.

You may owe us more or less than the amount of the final payment if you did not make your payments as scheduled.

When the final payment is due (the amount and the due date are shown on the front) you may either (i) pay us the final payment and any additional amounts that you owe us, in cash, and keep the vehicle; or (ii) pay us any additional amount that you owe us in excess of the final payment and refinance the final payment with us, at a finance rate that does not exceed the finance rate provided in this contract, as long as you are not in default or have not received a bankruptcy discharge of your legal obligation to pay. If you choose to refinance the final payment, you agree to give us 30 days written notice before the due date and provide proof of current acceptable vehicle insurance. You must apply the proceeds of the refinance to the final payment.

The right to refinance the Balloon Payment with you pursuant to the terms of this section only applies to a retail installment transaction for a vehicle to be used primarily for personal, family or household use.

## Additional Information

**14. WARRANTIES.** If the vehicle is for personal use and we, or the vehicle's manufacturer, extend a written warranty or, within 90 days from the date of the contract, extend a service contract, you get the implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you agree there are no such implied warranties.

**15. ASSIGNMENT.** You understand that this contract will be assigned to Assignee. Assignee will acquire all of our interest in this contract and in the vehicle including the right to receive all payments.

**16. GENERAL.** Unless otherwise provided in this contract, any change to this contract must be in writing and signed by all parties. Notice to you is sufficient if mailed to your last address known by us. If the law does not allow a part of this contract, that part will be void. The remaining parts will be enforceable. If there is more than one Buyer, their obligation shall be joint and several. Any delay or omission by us in enforcing our rights shall not act as a waiver. Section headings in this contract are for convenience of reference only and are not part of the contract for any other purpose. We may assign our rights and obligations under this contract to anyone at anytime without first notifying you. To the extent permitted by law, you give us permission to monitor and record any telephone conversation between you and us.

**17. DEFERRED PAYMENTS.** Any change to this contract must be in writing and signed by all the parties, however, if permitted by law, extensions, deferrals and due date changes may be agreed to orally by you and us, and we will send you a written confirmation of our agreement. Interest will continue to accrue until the next payment is received. Any deferral would not extend any purchased insurance coverage you have.

**18. POWER OF ATTORNEY.** You appoint us, to the extent permitted by law, through our appointed officer or employee, as your attorney-in-fact. Your grant of this power of attorney is coupled with an interest, and is irrevocable until all obligations you owe under this contract and paid in full. As your attorney-in-fact, we can: sign on your behalf all Certificates of Ownership, Registration Cards, applications, affidavits or any other documents required to register and properly perfect our security interest in the vehicle; act on your behalf in any insurance/coverage matter relating to the vehicle, including, but not limited to, the power to endorse insurance/coverage proceeds checks or drafts on your behalf; and cancel any Credit Life, Credit Disability, Guaranteed Automotive Protection Coverage, Extended Warranty, or other optional insurance/coverage financed under this contract, and apply the refunded premium or cost to your outstanding balance if you are in default.

**19. GOVERNING LAW.** This contract shall be governed by the laws of the State of Michigan except, if the vehicle is repossessed, then the law of the state where the vehicle is repossessed will govern the repossession. Repossession effected through legal process will be governed by the laws of the state in which such process is brought.

## Important Arbitration Disclosures

**20. ARBITRATION.** The following Arbitration provisions significantly affect your rights in any dispute with us. Please read the following disclosures and the arbitration provision that follows carefully before you sign the contract.

1. If either you or we choose, any dispute between you and us will be decided by arbitration and not in court.

2. If such dispute is arbitrated, you and we will give up the right to a trial by a court or a jury trial.

3. You agree to give up any right you may have to bring a class-action lawsuit or class arbitration, or to participate in either as a claimant, and you agree to give up any right you may have to consolidate your arbitration with the arbitration of others.

4. The information that can be obtained in discovery from each other or from third persons in arbitration is generally more limited than in a lawsuit.

5. Other rights that you and/or we would have in court may not be available in arbitration.

Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this contract, arbitration section or the arbitrability of any issue), between you and us or any of our employees, parents, subsidiaries, affiliate companies, agents, successors or assignees, which arises out of or relates to a credit application, this contract, or any resulting transaction or relationship arising out of this contract shall, at the election of either you or us, or our employees, parents, subsidiaries, affiliate companies, agents, successors or assignees, be resolved by a neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action. Whoever first demands arbitration may choose to proceed under the applicable rules of the American Arbitration Association, or its successor, which may be obtained by mail from the American Arbitration Association, Attn: Customer Service Department, 335 Madison Ave., 10th Floor, NY, NY 10017-4605 or the Internet at http://www.adr.org/, or the applicable rules of the National Arbitration Forum; or its successor, which may be obtained by mail from The Forum, P.O. Box 50191, Minneapolis, Minnesota 55405-0191, or on the Internet at http://www.arbitration-forum.com.

Whichever rules are chosen, the arbitrator shall be an attorney or retired judge and shall be selected in accordance with the applicable rules. The arbitrator shall apply the law in deciding the dispute. Unless the rules require otherwise, the arbitration award shall be issued without a written opinion. The arbitration hearing shall be conducted in the federal district in which you reside. If you demand arbitration first, you will pay the claimant's initial arbitration filing fees or case management fees required by the applicable rules up to $125, and we will pay any additional initial filing fee or case management fee. We will pay the whole filing fee or case management fee if we demand arbitration first. We will pay the arbitration costs and fees for the first day of arbitration, up to a maximum of eight hours. The arbitrator shall decide who shall pay any additional costs and fees. Nothing in this paragraph shall prevent you from requesting that the applicable arbitration entity reduce or waive your fees, or that we voluntarily pay an additional share of said fees, based upon your financial circumstances or the nature of your claim.

This contract evidences a transaction involving interstate commerce. Any arbitration under this contract shall be governed by the Federal Arbitration Act (9 USC 1, et seq.). Judgment upon the award rendered may be entered in any court having jurisdiction.

Notwithstanding this provision, both you and Creditor and Creditor's employees, parents, subsidiaries, affiliate companies, agents, successors and assignees retain the right to exercise self-help remedies and to seek provisional remedies from a court, pending final determination of the dispute by the arbitrator. Neither you nor we waive the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court.

---

**NOTICE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

The preceding NOTICE applies if the vehicle is a used vehicle as shown on the front of this contract and if this contract is a contract of sale under the FTC Used Motor Vehicle Trade Regulation Rule.

---

## PRIVACY POLICY
### OF DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC/CHRYSLER FINANCIAL/DCFS TRUST

**Categories of Information We Collect**
We collect nonpublic personal information about you from the following sources:
- Information we receive from you on applications and other forms
- Information about your transactions with us, our affiliates, or others; and
- Information we receive from consumer reporting agencies and other outside sources.

**Categories of Information We Disclose**
We may disclose all of the information that we collect, as described above.

**Categories of Affiliates and Third Parties to Whom We Disclose Information About Current and Former Customers**
We may disclose all of the information that we collect, which relates to our transactions or experiences with you, among our affiliated companies. Companies, which are affiliated with us, include any company that controls us, any company we control, or any company under common control with us. In other words, it is any company that is in our "family of companies."

We may disclose all of the information that we collect, as described above, to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements.

We may also disclose all of the information that we collect, as described above, with other nonaffiliated third parties as permitted by law.

**Opting Out of Disclosure**
Because we only disclose information to nonaffiliated third parties as permitted by law or through a joint marketing agreement, opt outs of such disclosures are not required.

**Policies and Practices to Protect the Confidentiality and Security of Nonpublic Personal Information**
We restrict access to nonpublic personal information about you to those employees, outside contractors, and businesses which jointly market our products and services, who need or may need to know that information to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to protect your nonpublic personal information.

**Privacy Policy Changes and Future Disclosures**
We may from time to time change our Privacy Policy. Therefore, we reserve the right to disclose any and all information to our affiliates and other nonaffiliated third parties as permitted by law.

---

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. This NOTICE applies only if the goods and services obtained under this contract were obtained primarily for personal, family or household use.

---

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.**

# ARIZONA CERTIFICATE OF TITLE



**Motor Vehicle Division**
ADOT
48-7200 R09/03

Inventory Control
10885747

| Vehicle Identification Number | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 3D2WG46D67G740774 | 2007 | DODG | S35 | ST |

| First Registered | List Price | Mobile Home Manufacturer | Unit Number |
|---|---|---|---|
| 12/2007 | 035810 | | |

DC FINACIAL SERVICES
PO BOX 997533
SACRAMENTO CA  95899

| Title Number | Issue Date | Film Number | Odometer Reading (no tenths) * |
|---|---|---|---|
| 5T01008128018 | 05072008 | I1285T0108 | 0003863 A |

| Previous Title Number | State | Issue Date | Previous Film Number | |
|---|---|---|---|---|
| 603V2840745A | MI | 10122007 | ORIGINAL | |

* A - Actual Mileage
B - Mileage in excess of the odometer mechanical limits
C - NOT Actual Mileage, WARNING ODOMETER DISCREPANCY

**Arizona Brands**

| Previous Brand | State Previous Brand | State Previous Brand | State Other States With Brands |
|---|---|---|---|

Owners/Lessees
MATTHEW DREW BRAUN
1450 E BELL RD APT 2124          PHOENIX                              AZ 850222768

Lienholders
FIRST LIEN-
DC FINACIAL SERVICES

LIEN DATE: 10102007

PO BOX 997533

SACRAMENTO     CA 95899

**LIEN RELEASE**

| Lienholder Name | | | | Acknowledged before me this date | Notary Public Signature | | | |
|---|---|---|---|---|---|---|---|---|
| Lien Amount | Lien Date | Lienholder Signature | | Date | County | | State | Commission Expires |

VOID WITHOUT EAGLE WATERMARK OR IF ALTERED OR ERASED